UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:   Joseph John Gleason<br>                         Debtor<br><br>Fay Servicing, LLC as servicer for Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2<br>                         Movant<br>v.<br><br>Joseph John Gleason<br>Sarah Gleason<br>Scott F. Waterman - Bankruptcy Trustee<br>                         Respondents | CASE NO.: 20-12672-amc<br><br>CHAPTER 13<br><br>Judge:  Ashely M. Chan<br><br>Hearing Date:    December 12, 2023 at 11:00 am<br><br>Objection Deadline:    December 6, 2023 |

**ORDER**

**AND NOW**, this  18th  day of  Jan.       , 2024, upon the motion of Fay Servicing, LLC as servicer for Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2 (hereafter "Movant"), it is

**ORDERED AND DECREED** that

1.	Commencing on December 1, 2023, Debtor shall resume making regular monthly post-petition mortgage payments to Movant;

2.	Should Debtor fail to make any regular monthly mortgage payment, then Movant may send Debtor and counsel for Debtor a written notice of default of this Order.  If the default is not cured within ten (10) days of the date of said notice, counsel for Movant may file a Certification of Default with the Court.  Said Certification of Default may include a certification of Debtor's failure to pay subsequent payments that fall due after the date of the notice of default.  Upon Certification, the Court shall enter an Order granting relief from the automatic stay as to the Property with the terms detailed in Paragraphs 1-7 below;

3.	In the event that Debtor converts his/her case to Chapter 11, the terms of this Order

shall remain in full force and effect. In the event that Debtor converts his/her case to Chapter 7, Debtor shall cure all pre-petition and post-petition arrears within ten (10) days of the date of conversion. Failure to cure the arrears shall constitute an event of default under this Order and Movant may send a notice of default and certify default as set forth in the preceding paragraph.

**ORDERED AND DECREED** that, should Debtor further default on post-petition payments in the instant Bankruptcy, upon Certification of Creditor, the Court shall enter an Order with the following terms:

1.  Movant (and any assignee/successor-in-interest) is granted relief from the stay of 11 U.S.C. §362, relief from co-debtor stay of 11 U.S.C. §1301 and for In Rem/Prospective Relief to proceed with enforcement of all rights Movant has under state and federal law concerning the Property (the "Property"): 425 Woodcrest Rd, Wayne, PA 19087;

2.  Movant is granted relief from the stay of 11 U.S.C. §362 to proceed with its mortgage foreclosure action and Sheriff's Sale (and all other rights under state and federal law) concerning the Property;

3.  The automatic stay under 11 USC §362 with regard to the Property (and Debtor and any Co-Debtor) shall not arise as to Movant in this Bankruptcy or any other Bankruptcy filed within two years from the date the instant case is either dismissed or otherwise terminated;

4.  The Co-Debtor stay in effect as it pertains to Sarah Gleason pursuant to section 1301(a) of the Bankruptcy Code is hereby modified to allow Movant its successors and/or assigns to commence and /or continue with a foreclose action and eviction proceeding with regard to the Premises;

5.  Movant may record this Order in the same fashion as an interest or lien may be recorded under state law, pursuant to 11 USC §362(d)(4), and from the date of recording no automatic stay shall arise under any provision of the Bankruptcy Code as to Movant with regard

to the Property and Debtor for a period of two years from the date of this Order;

6. Movant is no longer required to send and/or file the Notices required by Fed. R. Bankr. P. 3002.1; and

7. The 14-day stay pursuant to Rule 4001(a)(3) is hereby waived and Debtor will not be considered current with Movant at the conclusion of the instant case. The fees and costs set forth in this Motion shall be paid by Debtor and be due and payable under the terms of the Note and Mortgage.

**BY THE COURT:**

_____

U.S.B.J.